Hinkle, J.
Plaintiff brings this action against the Department of Social Services (“DSS”) and Linda K. Carlisle, as its commissioner, alleging violations of G.L.c. 152, §§75A and 75B and 42 U.S.C. §1983. She alleges that DSS failed to grant her a rehiring preference after she received workers’ compensation benefits. Before me are plaintiffs motion for judgment on the pleadings, or alternatively, for partial summary judgment and defendant’s motion for summary judgment.
BACKGROUND
On August 10, 1990, while on a business trip on behalf of DSS, the plaintiff was raped in her hotel room. The incident left her unable to work. Plaintiff sought and received workers’ compensation benefits from August 13, 1990 until July 8, 1992, at which time she received a lump sum settlement of her workers’ compensation claim in the amount of $45,000. On May 3, 1993, plaintiff requested reinstatement to her former position with the DSS. By letter dated May 17, 1993, DSS refused to reinstate plaintiff and terminated her effective July 23, 1992. On May 24, 1993, plaintiff challenged her termination by filing a grievance with the DSS under her collective bargaining agreement.
In 1995, plaintiff sought to be rehired by the DSS, claiming a statutory right to a rehiring preference under G.L.c. 152, §§75A and 75B. By letter dated September 25, 1995, DSS refused to rehire plaintiff and denied that she had any right to a rehiring preference.
On June 27, 1997, a hearing on plaintiffs grievance was held before an arbitrator. In a written decision, the arbitrator found that the DSS had not violated the collective bargaining agreement by terminating plaintiff following her acceptance of a lump sum workers’ compensation settlement or by refusing to grant her a rehiring preference.
Defendants seek summary judgment arguing: (1) plaintiff has no statutory right to reemployment under G.L.c. 152, §§75A or 75B; (2) plaintiff had no constitutional property right to reemployment under the Fourteen Amendment; (3) plaintiffs damage claim under 42 U.S.C. §1983 against DSS and Commissioner Carlisle are barred on sovereign immunity grounds; and (4) plaintiffs due process rights were not violated. In addition, defendants assert that the plaintiffs request for the injunctive relief is moot because DSS rehired her on April 1, 1998 as a social worker.
At oral argument, plaintiff acknowledged that she no longer seeks injunctive relief. In addition, she withdrew her claim under 42 U.S.C. §1983.
DISCUSSION
Summary judgment is appropriate where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and entitlement to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
General Laws chapter 152, §75A provides:
Any person who has lost a job as a result of an injury compensable under this chapter shall be given preference in hiring by the employer for whom he worked at the time of compensable injury over any persons not at the time of application for reemployment employed by such employer . . .
In the event that any right set forth in this section is inconsistent with an applicable collective bargaining agreement or chapter thirty-one, the collective bargaining agreement or said chapter thirty-one shall prevail.
Since DSS terminated plaintiff because she was injured and received workers’ compensation benefits, based on §75A, plaintiff was entitled to a rehiring preference once she was capable of returning to work. Defendants, however, contend that plaintiff is not entitled to the rehiring preference under §75A because such a right is inconsistent with the collective bargaining agreement, and thus, under the statute, the collective bargaining agreement prevails. Defendants argue that because the arbitrator found that the collective bargaining agreement does not provide plaintiff with a rehiring preference, such a finding is inconsistent with §75A, which does provide such rights.
The arbitrator stated: “the [Collective Bargaining] Agreement is simply silent as to the rehire rights of former employees who have received a lump sum settlement and have been out on workers’ compensa *160 tion. To conclude that [DSS] was not contractually obligated to rehire the grievant does not create a conflict with 75A; it only indicates that her remedy, if any, lies elsewhere.” Thus, contrary to defendants’ argument the arbitrator did not find or rule that the collective bargaining agreement and §75A were inconsistent.
Defendants have provided no authority for the proposition that silence in a collective bargaining agreement creates inconsistency with a statutory grant of rights. Thus, I find and rule that in this case the collective bargaining agreement is not inconsistent with §75A.
Defendants next argue that §48 of the workers’ compensation statute precludes the relief that plaintiff seeks. Chapter 152, §48 provides in relevant part:
(4) . . .
Notwithstanding any provision of this section or of Sections seveniy-five A or seventy-five B, the acceptance of any amount in return for the right to claim future weekly benefits shall create a presumption that an employee is physically incapable of returning to work with the employer where the alleged injury occurred. Such presumption shall continue for a period of one month for each fifteen hundred dollar amount included in the settlement for future weekly benefits. No re-employment rights shall inure to such employee under this chapter during any period of presumption of incapacity as herein provided.
Under this provision, plaintiff could not'exercise her §75A rehiring preference during her period of presumed incapacity to work by accepting a lump sum settlement. Plaintiff received a lump sum settlement of $45,000 in July of 1992. Therefore, under §48, her presumption of incapacity and resultant loss of §75 benefits ended in January of 1995.[2]
Defendants argue that by taking the lump sum settlement, plaintiff completely lost her right to §75A benefits. I disagree. The two provisions must be read together. Because §48 provides for a specific period of time during which rights under §75A cannot be exercised, §75A rights become available when the presumption period ends. See Polaroid Corp v. Commissioner of Revenue, 393 Mass. 490, 497 (1984) (“words of a statute must be construed in association with other statutory language and the general statutory plan”). Thus, DSS should have provided plaintiff a rehiring preference under §75A as of January of 1995.[3]
ORDER
For the foregoing reasons, judgment shall enter for the plaintiff.

Given a one month presumption for each $ 1500 received, a $45,000 settlement results in a total presumption of physical incapacity of returning to work of 30 months.

Based on this ruling, as I indicated at oral argument I decline to address plaintiffs §75B claim.